GLORIA TSUI-YIP
WENDI OPPER UZAR
Miskin & Tsui-Yip LLP
1350 Broadway, Suite 802
New York, New York  10018
(T) (212) 268-0900
(F) (212) 268-0904
gloria@mt-iplaw.com
wendi@mt-iplaw.com

Attorneys for Plaintiff
J & D BRUSH CO., LLC

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------X
J & D BRUSH CO., LLC                             :
                                                 :
                         Plaintiff,              :     Civil Action No.   17-cv-5279
                                                 :                        ECF Case
              - against-                         :
                                                 :
BRANDS IT IS, LLC                                :
                                                 :
                                                 :
                         Defendant.              :
------------------------------------------------------X

## COMPLAINT

Plaintiff J & D BRUSH CO., LLC (hereinafter "Plaintiff" or "J & D") complains of the

defendant Brands It Is, LLC (hereinafter "Brands" or "Defendant") as follows:

## JURISDICTION AND VENUE

1.    This action arises under the Lanham Act, 15 U.S.C. Section 1051 et  seq.

2.    Jurisdiction is conferred on this Court under the trademark laws of the United

States, 15 U.S.C. Section 1121 and 28 U.S.C. Sections 1331 and 1338.

3.    On information and belief, Brands, through its officers, agents and/or employees,

transacts or is doing business in this District, including soliciting business in, shipping goods into

this district and derives substantial revenue from intrastate and interstate commerce which has an effect in this district. Accordingly, venue is proper in this judicial district pursuant to 28 U.S.C. Section 1391.

4. On information and belief, Brands through its officers, agents, distributors, retailers and/or employees, transacts or is doing business within the State of New York and this judicial district, including via the internet, soliciting business in, selling, and shipping goods into the State of New York. Accordingly, jurisdiction over Brands is proper in accordance with N.Y. C.P.L.R. §302(a)(1) and the exercise of such jurisdiction comports with due process.

5. On information and belief, defendant Brands committed a tortuious act outside and inside New York that caused injury within the State of New York, Brands expected and/or should have reasonably expected its actions to have consequences in the state of New York and it derives substantial revenue from intrastate and interstate commerce. Therefore, jurisdiction over Brands is proper in accordance with N.Y. C.P.L.R. §302(a)(3)(ii) and the exercise of such jurisdiction comports with due process.

## THE PARTIES

6. Plaintiff J & D is a limited liability company organized and existing under the laws of the State of Delaware with an address at 5 Adams Avenue, Hauppauge, New York 11788.

7. On information and belief, Defendant Brands is a limited liability company organized and existing under the laws of Nevada with a place of business at 2360 Corporate Circle, Suite 400, Henderson, NV 89074.

**FACTUAL ALLEGATIONS**

**A. J & D'S Trademark**

8.      J & D is a wholesaler and supplier of beauty and hair products and has been in business through its predecessor since 1978.

9.      J & D, and its predecessor, has been selling a line of hair brushes under the trademark WET BRUSH, since at least October 2005.  The WET BRUSH hair brushes have been widely distributed both in the United States and throughout the world.

10.     A line of J & D's WET BRUSH hairbrushes uses bristle technology under the trademark "INTELLIFLEX" since at least June 2012 (hereinafter "Intelliflex Mark").  The "INTELLIFLEX" bristles are thin, strong, and very flexible and have adaptive flexibility such that they are flexible on one stroke and firm on the next.  J & D is the owner of all right, title and interest in and to the Intelliflex Mark.  The Intelliflex Mark is associated with Plaintiff's goods in the United States and abroad.

11.     J & D has consistently and continuously spent time, effort and money marketing, promoting and advertising its goods under the Intelliflex Mark.

12.     As a result of J & D's long-term efforts in producing, selling, distributing, marketing, promoting and advertising, its brushes have become known to its customers and to the public in the United States, and have accumulated valuable good will through consumer recognition in the Intelliflex Mark.

13.     J & D and its predecessor in interest have sought federal trademark registration in the United States Patent and Trademark Office and obtained a registration for its mark INTELLIFLEX, U.S. Registration No. 4,331,129 on May 7, 2013, for synthetic fiber bristles for hair brushes, hair brushes (hereinafter the "INTELLIFLEX Registration" or the "INTELLIFLEX Trademark").  A copy of the Intelliflex Registration is attached hereto as Exhibit A.

3

14. J & D's INTELLIFLEX Registration is valid, subsisting and in full force and effect and constitutes prima facie evidence of the validity of the mark.

15. J & D's INTELLIFLEX Registration has been used in interstate commerce to identify and distinguish J &D's high quality products including hair brushes for an extended period of time.

16. J & D's INTELLIFLEX Trademark has not been assigned or licensed to the Defendant in this matter.

17. J & D's INTELLIFLEX Trademark is a symbol of J &D's quality, reputation and goodwill.

18. J & D has extensively used, advertised and promoted J & D's INTELLIFLEX Trademark in the United States in association with the sale of high quality hair brushes and bristles.

19. As a result of J & D 's efforts, members of the public identify goods bearing J & D's INTELLIFLEX Trademark as an identifier of quality hair brushes and bristles sponsored and approved by J & D.

20. Accordingly, J & D's INTELLIFLEX Trademark has secondary meaning as a source identifiers of quality brushes and bristles.

**B. Defendant's Infringement**

21. Upon information and belief, Defendant Brands began selling, offering for sale, distributing, promoting and advertising brushes that infringe J & D's INTELLIFLEX Trademark on its packaging attached hereto as Exhibit B ("Infringing Goods").

22. Upon information and belief, Defendant Brands was advertising its brush on various websites, including www.amazon.com, where the Infringing Goods were offered, and

was further infringing J & D's INTELLIFLEX Trademark in the product listing. A true and accurate copy of one of the websites showing the Infringing Goods is attached hereto as Exhibit C ("Infringing Listings").

23. Upon learning of Defendant's infringing activity, J & D obtained a sample of the Infringing Goods, and determined the Infringing Goods to be infringing. The manufacture of the Infringing Goods were not authorized by J & D.

24. On or about June 21, 2017, J & D's attorney sent a Cease and Desist letter to Brands in connection with the sale and offer for sale of the Infringing Goods.

25. On or about June 29, 2017, J & D was informed that Brands ceased / discontinued using the term INTELLIFLEX in its Amazon and possible other ads and redacted the term from its packaging.

26. On information and belief, Brands continues to infringe the INTELLIFLEX Trademark after June 29, 2017, despite its assurance it would cease such use.

27. On information and belief, Brands has no right, title or interest in the INTELLIFLEX Trademark and has no right to use the mark on any website or in connection with the sale of its goods.

28. On information and belief, Defendant has and had knowledge of J & D's INTELLIFLEX Mark, including the INTELLIFLEX Registration and J & D's ownership, long use and goodwill in the United States by way of Defendant's distribution of J & D's WET BRUSH hair brushes bearing the INTELLIFLEX Mark before and at the time Defendant appropriated and began using and appropriating the INTELLIFLEX Mark.

29. On information and belief, Defendant's appropriation of J & D's Registered Trademark in the United States is therefore knowing, willful and deliberate, and is made with no

5

other purpose but to trade on and to benefit from the reputation enjoyed by J & D's Registered Trademark.

30. Defendant's activities have caused, and if allowed to continue, will continue to cause loss of sales to J & D and divert its customers, all to J & D's damage.

31. Defendant's activities have disparaged J & D, J & D's INTELLIFLEX Trademark and its products by creating a false association with J & D, its genuine goods and J & D's INTELLIFLEX Trademark.

32. J & D has no control over the nature and quality of the products sold by Defendant which bear infringements of J & D's INTELLIFLEX Trademark.

33. On information and belief, Defendant's activities have resulted in substantial profits for Defendant to which it is not entitled.

34. Defendant's unauthorized and unlicensed use of J & D's INTELLIFLEX Trademark, in connection with its goods in the United States is likely to deceive and to cause confusion and mistake. Such unauthorized use by Defendant of J & D's INTELLIFLEX Trademark has caused and will continue to cause irreparable harm and has and will continue to wrongfully damage Plaintiff, in violation of 15 U.S.C. Sections 1114 and 1116, unless the Court enjoins Defendant from further commission of said acts.

35. Defendant has been unjustly enriched and J & D is entitled to an accounting of Defendant's profits. The foregoing activities of Defendant has damaged J & D in an amount yet unknown.

## COUNT I
## TRADEMARK INFRINGEMENT, 15 U.S.C. § 1114

36. J & D repeats and re-alleges the allegations contained in paragraphs 1 through 35 as if fully set forth herein.

37. Based on J & D's advertising of J & D's INTELLIFLEX Trademark, its substantial sales and popularity of its products, J & D's INTELLIFLEX Trademark has secondary meaning so that any product bearing J & D's INTELLIFLEX Trademark is associated by purchasers and the public as being a product of and associated with J & D.

38. Defendant has used J & D's INTELLIFLEX Trademark, knowing it is the exclusive property of J & D, in the connection with the sale, offer for sale, distribution and promotion of its goods bearing infringements of J & D's INTELLIFLEX Trademark.

39. Defendant's activity is with the intent to confuse and deceive the public into believing that the goods they sell are sponsored, affiliated or associated with J & D, when they are not.

40. Defendant's use of J & D's INTELLIFLEX Trademark was without the consent of J & D, is likely to cause confusion to the public that the goods promoted, distributed and sold by Defendant are authorized and/or approved by J & D, when they are not.

41. Defendant's acts constitute willful trademark infringement in violation of § 32 of the Lanham Act, 15 U.S.C. § 1114.

42. By reason of such infringement, Defendant is liable to J & D for an amount representing J & D's damages and/or Defendant's profits and reasonable attorney's fees, investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

**WHEREFORE**, J & D respectfully prays for judgment:

A. For an award of Defendant's profits and Plaintiff's damages pursuant to 15 U.S.C. §1117(a) in an amount to be proved at trial.

B. For the Court to enter an injunction preliminarily and permanently ordering that Defendant, its agents, servants, officers, directors, employees and all other persons in privity or acting in concert with it be enjoined and restrained from:

i. using any reproduction, counterfeit, copy, or colorable imitation of J & D's INTELLIFLEX Trademark to identify any goods not authorized by J & D;

ii. engaging in any course of conduct likely to cause confusion, deception or mistake, or injure J & D's business goodwill or reputation;

iii. further infringing J & D's INTELLIFLEX Trademark by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by J & D bearing any simulation, reproduction, copy or colorable imitation of J & D's INTELLIFLEX Trademark; and

iv. instructing, assisting, aiding, or abetting any other person or entity in engaging in or performing any of the activities referred to above;

C. For an order of the Court requiring that Defendant destroy any and all infringing products including but not limited to Infringing Goods and any and all packaging, bales, tags, advertisements, promotional materials and any other materials in Defendant's possession, custody or control that infringe any of J & D's trademarks or other rights including but not limited to J & D's INTELLIFLEX Trademark or bear any marks or design that are confusingly similar or substantially similar to J & D's INTELLIFLEX Trademark pursuant to 15 U.S.C. 1118;

D. For an order from the Court requiring Defendant to provide accounting for any and all monies, profits, gains and advantages derived by Defendant from its manufacturing,

importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of the Infringing Goods.

E. That the Court award J & D its reasonable attorney's fees pursuant to § 35 of the Trademark Act of 1946, 15 U.S.C. § 1117 on the grounds of Defendant's knowing, willful and/or intentional conduct.

F. That the Court award J & D its costs in this litigation; and

G. That the Court award J & D such other and further relief as the Court may deem appropriate and just.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded as to all issues in this action so triable.

Dated: September 8, 2017
New York, New York

Respectfully submitted,

s/Gloria Tsui-Yip_____
Gloria Tsui-Yip
Wendi Opper Uzar
MISKIN & TSUI-YIP LLP
1350 Broadway, Suite 802
New York, NY 10018
(T) (212) 268-0900
(F) (212) 268-09004
gloria@mt-iplaw.com
wendi@mt-iplaw.com
Attorneys for Plaintiff
J & D BRUSH CO., LLC

9